23-6226
Caghuana-Caghuana v. Bondi

BIA
Ruehle, IJ
A205 846 898

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of February, two thousand twenty-five.

PRESENT:
> REENA RAGGI,
> RAYMOND J. LOHIER, JR.,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

MARIA CARMEN CAGHUANA-CAGHUANA,
> *Petitioner*,

v.                                                                    **23-6226**
                                                                      **NAC**

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,[1]

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General

*Respondent.*

_____

**FOR PETITIONER:**     Daniel T. Welch, Esq., Boston, MA.

**FOR RESPONDENT:**     Brian M. Boynton, Principal Deputy Assistant Attorney General; Michael C. Heyse, Senior Litigation Counsel; Enitan O. Otunla, Trial Attorney; Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Maria Carmen Caghuana-Caghuana, a native and citizen of Ecuador, seeks review of a decision of the BIA affirming an Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Maria Carmen Caghuana-Caghuana,* No. A 205 846 898 (B.I.A. Feb. 15, 2023), *aff'g* No. A 205 846 898 (Immig. Ct. Buffalo May 14, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

---

Pamela Bondi is automatically substituted for former Acting Attorney General James R. McHenry III.

We have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review fact-finding, including an adverse credibility determination, "under the substantial evidence standard," and we review questions of law and the application of law to fact de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

As the Government points out, Caghuana-Caghuana did not exhaust her challenges to the IJ's adverse credibility determination apart from her contention that the IJ erred in denying her motion to file evidence late. While issue exhaustion is "not jurisdictional," *Santos-Zacaria v. Garland*, 598 U.S. 411, 413 (2023), it is mandatory when, as here, the Government raises it, *see Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023). Before the BIA, Caghuana-Caghuana did not dispute that she omitted instances of alleged persecution from her written statement and application and instead challenged only the IJ's refusal to admit late evidence that included a more detailed affidavit and letters from her grandmother and a neighbor in Ecuador. In contrast, she now raises several specific challenges

3

to the grounds for the IJ's adverse credibility determination. We will not consider these unexhausted arguments. *See Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it.").

As to Caghuana-Caghuana's only exhausted argument—that the IJ abused his discretion in denying her request to file evidence late—that decision was squarely within the IJ's discretionary authority. "[A]n IJ has broad discretion to set and extend filing deadlines," *Dedji v. Mukasey*, 525 F.3d 187, 191 (2d Cir. 2008), and when "an application or document is not filed within the time set by the [IJ], the opportunity to file that application or document shall be deemed waived," 8 C.F.R. § 1003.31(h). We review an IJ's rulings establishing and enforcing deadlines for abuse of discretion. *Dedji*, 525 F.3d at 191. An IJ abuses his discretion in setting and enforcing deadlines for the submission of evidence "when '(1) his decision rests on an error of law . . . or a clearly erroneous factual finding or (2) his decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of

4

permissible decisions.'" *Id.* at 191–92 (quoting *Morgan v. Gonzales*, 445 F.3d 549, 551–52 (2d Cir. 2006)).

While an IJ may err in refusing to grant an extension without considering whether good cause exists for the delay, *see id.* at 192–93, the IJ here considered and rejected Caghuana-Caghuana's counsel's explanation. The IJ explained that the law office had known of a missing translation for months, any error on the part of the firm's "support staff" rested solely on the attorney, and rather than filing the motion a week before the hearing when the failure to file was discovered, counsel waited until the day of the hearing, thus giving the IJ and the Department of Homeland Security's attorney no time to review it. Moreover, Caghuana-Caghuana has not shown that she was prejudiced by the IJ's refusal to consider the updated statement. The statement did not explain why incidents of alleged persecution were omitted from the original application, and introduced inconsistency about Caghuana-Caghuana's marital status. Also the corroborating letters did not mention the previously omitted allegations of persecution. *Cf. id.* at 192 (holding that the petitioner was prejudiced by the decision not to admit evidence because the inconsistencies "could have been resolved in [petitioner's] favor" had the evidence been admitted).

5

As the IJ did not abuse his discretion in declining to accept late-filed evidence, and as Caghuana-Caghuana failed to exhaust other challenges, she has not established that the adverse credibility determination was error. The adverse credibility determination is dispositive because asylum, withholding of removal, and CAT relief here were all based on the same factual predicate. *See Hong Fei Gao*, 891 F.3d at 76.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court